1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   DANILO CUSTODIO ESCALONA
6

7

8          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN JOSE DIVISION**

10  DANILO CUSTODIO ESCALONA,          Case No. CV10-4452 HRL

11                      Plaintiff,     **COMPLAINT**

12         v.                          **DEMAND FOR JURY TRIAL**

13  RECEIVABLE ASSET MANAGEMENT,       15 United States Code § 1692 *et seq.*
    INC., D/B/A KRAMER & ASSOCIATES, a California Civil Code § 1788 *et seq.*
14  New Jersey corporation; DREW D.    California Civil Code § 1812.700 *et seq.*
    POLIFRONE, individually and in his official
15  capacity; and FRANKLIN ASSET
    MANAGEMENT, LLC, a New York limited
16  liability company,
17
                        Defendants.
18

19         Plaintiff, DANILO CUSTODIO ESCALONA (hereinafter "Plaintiff"), based on information

20  and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff

21  or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

22
                            **I. INTRODUCTION**
23

24         1.    This is an action for statutory damages, attorney fees and costs brought by an

25  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

26  1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California

27  Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in

28

abusive, deceptive and unfair practices.  Plaintiff also seeks statutory damages, attorney fees and costs for Defendants' violation of Cal. Civil Code §§ 1812.700-1812.702.

      2.    According to 15 U.S.C. § 1692:

           a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

           b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

           c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

           d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

           e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

      3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

7.    Plaintiff, DANILO CUSTODIO ESCALONA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f) and a "disabled person" within the meaning of Cal. Civil Code § 1761(g).

8.    Defendant, RECEIVABLE ASSET MANAGEMENT, INC., D/B/A KRAMER & ASSOCIATES (hereinafter "K&A"), is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at: 228 River Vale Road, Second Floor, River Vale, New Jersey 07675. K&A may be served at the address of its Agent for Service of Process at: Receivable Asset Management, Inc., c/o Drew Polifrone, Agent for Service, 617 Sloat Place, River

Vale, New Jersey 07675. The principal purpose of K&A is the collection of debts using the mails and telephone, and K&A regularly attempts to collect debts alleged to be due another. K&A is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). K&A is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

9. Defendant, DREW D. POLIFRONE (hereinafter "POLIFRONE"), is a natural person and is or was an employee, agent, officer and/or director of K&A at all relevant times. POLIFRONE may be served at his current business address at: Drew D. Polifrone, Receivable Asset Management, Inc., 228 River Vale Road, Second Floor, River Vale, New Jersey 07675 and at his residence address at: Drew Polifrone, 617 Sloat Place, River Vale, New Jersey 07675. POLIFRONE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). POLIFRONE is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff is informed and believes, and thereon alleges that POLIFRONE is liable for the acts of K&A because he sets and approves K&A collection policies, practices, procedures and he directed the unlawful activities described herein.

10. Defendant, FRANKLIN ASSET MANAGEMENT, LLC (hereinafter "FRANKLIN"), is a New York limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 448 Franklin Street, Buffalo, New York 14202. FRANKLIN may be served as follows: Franklin Asset Management, LLC, c/o Aaron Siegel, Agent for Service, 448 Franklin Street, Buffalo, New York 14202. The principal business of FRANKLIN is the collection of debts using the mails and telephone, and FRANKLIN regularly attempts to collect debts alleged to be originally due another. FRANKLIN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). FRANKLIN is vicariously

1  liable to Plaintiff for the acts of K&A and POLIFRONE.[1]

2          11.    At all times herein mentioned, each of the Defendants was an officer, director,

3  agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

4  times, each Defendant was acting in the full course and scope of said office, directorship, agency,

5  service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

6  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

8          12.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

9  financial obligation, namely a consumer credit account issued by US Bank and bearing the account

10  number XXXX-XXXX-XXXX-9118 (hereinafter "the alleged debt").  The alleged debt was incurred

11  primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by

12  15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13          13.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on

14  a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to

15  FRANKLIN.

16          14.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on

17  a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to K&A

18  and POLIFRONE for collection from Plaintiff.

19          15.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a

20  "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21          16.    The collection letter (Exhibit "1") is dated October 20, 2009.

22          17.    The collection letter (Exhibit "1") was the first written communication from

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

Defendants to Plaintiff in connection with the collection of the alleged debt.

18.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

19.    The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated October 21, 2009, was imprinted.

20.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about October 21, 2009.

21.    Defendants knew or should have known that their conduct was directed towards a disabled senior citizen.

22.    The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

23.    Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

24.    The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

25.    As a disabled senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

26.    Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint.   Therefore, Plaintiff may seek leave to amend this

Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

29.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

30.    Defendant, K&S, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.    Defendant, POLIFRONE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32.    Defendant, FRANKLIN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

b.    Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a

- 7 -
COMPLAINT

court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

  c. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

  d. Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3);

  e. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f; and

  f. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

35. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

38. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

39.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

40.    Defendant, K&A, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41.    Defendant, POLIFRONE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42.    Defendant, FRANKLIN, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

44.    Defendants have violated the RFDCPA.  The violations include, but are not limited to, the following:

    a.    Defendants communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[2]

    b.    Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[3]

    c.    Defendants' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[4]

    d.    Defendants published Plaintiff's personal financial information to third

---

[2]  15 U.S.C. § 1692b.
[3]  15 U.S.C. § 1692c(b).
[4]  15 U.S.C. § 1692d.

parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[5]

    e. Defendants' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[6] and

    f. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17.[7]

  45. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

  46. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

  47. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[8]

  48. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

  49. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

---

[5] 15 U.S.C. § 1692d(3).
[6] 15 U.S.C. § 1692f.
[7] 15 U.S.C. § 1692g(a)(5).
[8] 15 U.S.C.§ 1692k(a)(2)(A).
[9] 15 U.S.C.§ 1692k(a)(3).

1    are intended to be cumulative and in addition to any other procedures, rights or remedies that the

2    Plaintiff may have under any other provision of law.

3                           **CALIFORNIA CONSUMER COLLECTION NOTICE**

4             50.    Plaintiff brings the third claim for relief against Defendants under California Civil

5
6    Code §§ 1812.700-1812.702.

7             51.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

8    herein.

9             52.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

10
11   1788.2(h).

12            53.    Defendant, K&A, is a third-party debt collector subject to the federal Fair Debt

13   Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

14            54.    Defendant, POLIFRONE, is a third-party debt collector subject to the federal Fair

15   Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

16
17            55.    Defendant, FRANKLIN, is a third-party debt collector subject to the federal Fair

18   Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

19            56.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

20   defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the

21   RFDCPA, Cal. Civil Code § 1788.2(f).

22            57.    Defendants failed to include the "Consumer Collection Notice" required by Cal.

23
24   Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

25            58.    Defendants' acts as described above were done willfully and knowingly with the

26   purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

27            59.    As a result of Defendants' willful and knowing violations of Cal. Civil Code §

28

1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each defendant, pursuant to Cal. Civil Code § 1812.702.[10]

       60.   As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702.[11]

       61.   As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[12]

       62.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.30(c) and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3), 1692f and 1692g(a)(5);

c)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a) and 1788.17;

d)   Declare that Defendants violated Cal. Civil Code § 1812.700(a);

e)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

---

[10] Cal. Civil Code § 1788.30(b).
[11] Cal. Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[12] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3).

$1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[13]

h) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[14]

i) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[15]

j) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[16] and 1788.30(c);

k) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

l) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
DANILO CUSTODIO ESCALONA

---

[13] 15 U.S.C. § 1692k(a)(2)(A).
[14] Cal. Civil Code § 1788.30(b).
[15] Cal. Civil Code § 1788.17 incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[16] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DANILO CUSTODIO ESCALONA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# KRAMER & ASSOCIATES

P.O. Box # 500
Westwood, NJ 07675

877-968-0327 Toll Free
201-968-0327 Direct
201-968-0116 Fax

10/20/2009

DANILO C ESCALONA
PO BOX 3063
SAN JOSE CA 95156 3063

### Original Creditor:  US BANK

**FRANKLIN ASSET MANAGEMENT**

Account # 4037840006699118
Claim # 125236
Amount Due $ 20,613.75

## NOTIFICATION OF PENDING CLAIM

Dear Sir or Madam:

    This office represents the above client / creditor with reference to a past due balance as referenced above totaling: $20,613.75 . It is recommended that you give your immediate attention to this matter and / or promptly contact this office to make arrangements to satisfy this obligation.

    For your convenience and to expedite your Release & Satisfaction Letter, we accept payments-by-phone (checks, credit-debit cards) at no cost to you. All payments must be drawn payable to 'Kramer & Associates' and sent to the address at the top of this letter. Upon receipt and clearance of  $20,613.75 all liable parties will be released from any and all obligations that have arisen or will arise with respect to this debt.

CALL OUR OFFICE IMMEDIATELY TOLL FREE AT **1-877-968-0327.**

Sincerely,

*Joseph Milbrook*

Joseph Milbrook
Legal & Claims Dept., Sr. Claims Coordinator

**EXHIBIT**

**1**

This is an attempt to collect a debt by a debt collector; any information obtained will be used for that purpose. All communication & correspondence must be handled through our office from here forward and we are instructed to proceed forthwith against you with appropriate action as deemed necessary to recover the amount due with interest, costs and disbursements.

    Unless you dispute the validity of this debt or any portion thereof within 30 days after receiving this notice, we will assume that this debt is valid.  If you notify this office in writing within the next 30 days that you dispute the validity of this debt or any portion thereof this office will obtain verification of the debt and mail you a copy of such verification.

UNITED STATES POSTAGE

02 1A
0004351506
MAILED FROM ZIP CODE 07675

$ 00.44⁰
OCT 21 2009
PITNEY BOWES

KRAMER & ASSOCIATES
P.O. BOX 500
WESTWOOD, NJ 07675
RETURN SERVICE REQUESTED

DANILO C ESCALONA
PO BOX 3063
SAN JOSE CA 95156 3063

Original Creditor: US BA

95156+3063